THINKSTREAM, INC.
v.
TEMPLAR, INC.
2005 CA 1968
Court of Appeal of Louisiana, First Circuit.
December 28, 2006.
NOT DESIGNATED FOR PUBLICATION
RICHMOND C. ODOM, BATON ROUGE, LA, BRENT D. BURLEY, Gonzales, LA, Counsel for Plaintiffs/Appellants, Thinkstream, Inc. and Barry L. Bellue, Sr.
MICHAEL H. RUBIN, JUSTON M. O'BRIEN, EMILY B. GREY, Baton Rouge, LA, Counsel for Defendant/Appellee, the Templar Corporation
Before: CARTER, C.J., WHIPPLE and MCDONALD, JJ.
MCDONALD, J.
Thinkstream Inc. and Templar Inc. each submitted proposals to the Integrated Criminal Justice System Policy Board for a consulting services contract. After Thinkstream was chosen, Templar protested the award to the Louisiana Commission on Law Enforcement. This protest was rejected, and Templar filed an appeal with the Commissioner of the Division of Administration, which found in favor of Templar and vacated the award of the contract to Thinkstream. Thereafter, Thinkstream filed suit against Templar based upon Templar's successful appeal of the bid award. Thinkstream alleged intentional and negligent institution of legal proceedings, intentional and negligent misrepresentations made by Templar against Thinkstream, and intentional and negligent interference with contract and business relations.
Templar filed peremptory exceptions raising the objections of no cause of action and non-joinder of a party, asserting that the facts alleged did not support an action for intentional and negligent interference with contract or for negligent institution of legal proceedings. Templar also asserted that Louisiana law did not recognize a cause of action for negligent institution of legal proceedings or negligent interference with a contract, and that Thinkstream had failed to join the Policy Board and the Commissioner of the Division of Administration in the suit. Thinkstream filed an amended petition, asserting that Templar defamed Thinkstream and violated the Louisiana Unfair Trade Practices Act. The trial court granted the exceptions and ordered that Templar amend its pleadings within 15 days or the petition would be dismissed with prejudice. The trial court then granted Thinkstream two motions to stay the proceedings, each for 60 days to allow it to retain new counsel and file a supplemental and amending petition. Thereafter, Templar filed a motion to dismiss with prejudice for failure to comply with the prior court orders. The trial court granted Templar's motion and dismissed Thinkstream's claims with prejudice. Thinkstream filed a motion for new trial, or in the alternative that the judgment be amended to dismiss without prejudice, which was denied by the trial court. Thinkstream appealed that judgment, asserting that the dismissal should have been without prejudice.
After a thorough review, we find that Thinkstream was given numerous opportunities to amend the petition to state a cause of action and failed to do so, thus, we find no error by the trial court in dismissing the suit with prejudice. Thus, we affirm the trial court judgment dismissing the suit with prejudice, and Thinkstream is cast with costs. This opinion is rendered in compliance with Unifoim RulesCourts of Appeal, Rule 2-16.2(A)(7) and (8).
AFFIRMED.